# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **WILLIAM E. DOWDEN, JR.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **No. 1:05-0082** |
| | ) | **Judge Nixon** |
| **MICHAEL J. ASTRUE,** | ) | **Magistrate Judge Bryant** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

Pending before the Court is Plaintiff William E. Dowden, Jr.'s ("Plaintiff") Motion for

Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 17) and accompanying

memorandum (Doc. No. 18), to which Defendant ("Defendant" or "Commissioner") filed a

Response (Doc. No. 25). Magistrate Judge Bryant ("Magistrate Judge") issued a Report and

Recommendation ("Report") (Doc. No. 31) that Plaintiff's Motion be granted, and that the Court

reverse and remand the matter for further proceedings. Defendant filed Objections

("Objections") to the Magistrate Judge's Report (Doc. No. 32), and Plaintiff submitted his

Response to Defendant's Objections (Doc. No. 33). Upon review of the Magistrate Judge's

Report and for the reasons stated below, the Court **REVERSES** and **REMANDS** the matter for

further proceedings consistent with this opinion.

# I.    BACKGROUND

## A.    *Procedural Background*

Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the

Social Security Act ("the Act") was initially denied on May 7, 2003, (Transcript "TR." 87-89),

and again upon reconsideration by the Social Security Administration ("SSA") (Tr. 92-93).

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 94-96.)  A

hearing was held on May 18, 2004, in which Plaintiff and a vocational expert ("VE") testified.

(Tr. 59-82.)  In his decision, the ALJ determined that:

1.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
2.    The claimant's impairments are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(b).
3.    These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
4.    [T]he claimant's allegations regarding his limitations are not totally credible. . . .
5.    The claimant has the residual functional capacity to perform light work that does not require more than frequent (not constant) reaching, handling, fingering and feeling with the right, dominant arm; any climbing of ladders, ropes or scaffolds; or more than occasional climbing of stairs/ramps, crawling, or overhead work.  The claimant would also be limited to simple, routine work that requires only occasional contact with the general public.
6.    The claimant has no past relevant work (20 CFR § 416.965).
7.    The claimant is a younger individual (20 CFR § 416.963).
8.    The claimant has a limited education (20 CFR § 416.964).
9.    The claimant has the residual functional capacity to perform a significant range of light work. (20 CFR § 416.967).
10.   Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.17 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. . . .
11.   The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).

(Tr. 36-37.) Specifically, at the fifth step of the evaluation, the ALJ relied on the vocational expert's testimony that a hypothetical individual of Plaintiff's age, education, past relevant work experience and residual functional capacity could work as a companion, night security, or inspector. (Tr. 35.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act, and issued a decision denying benefits. (Tr. 30-37.)

Plaintiff sought appellate review of the decision (Tr. 20), submitting new medical and psychological evidence for consideration (Tr. 297-349). On August 31, 2005, the Appeals Council issued a denial of Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. (Tr. 5-9.)

Plaintiff timely filed this action to obtain judicial review of the Commissioner's final decision. The Court has jurisdiction under 42 U.S.C. § 405(g). Plaintiff moves the Court to reverse the Commissioner's final decision denying Plaintiff's claim for SSI benefits, and remand the matter for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). According to Plaintiff, the ALJ erred by ignoring overwhelming evidence of Plaintiff's physical and emotional incapacities, and by concluding that Plaintiff had the residual functional capacity ("RFC") to do a wide range of light work in the national economy. Alternatively, Plaintiff requests that the Court remand the case to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g) in order to consider the new evidence that arose after Plaintiff's administrative hearing. (Doc. No. 17.) In Response, Defendant argues that the ALJ's decision was supported by substantial evidence, and must therefore be affirmed. (Doc. No. 25.)

The Court referred this matter to the Magistrate Judge. In the September 24, 2007 Report and Recommendation, the Magistrate Judge found that the ALJ erred in determining Plaintiff's

RFC by failing to consider all of Plaintiff's mental limitations, and should have included Plaintiff's moderate limitation in dealing with co-workers and supervisors as was established by the medical evidence. Furthermore, the Magistrate Judge found that the ALJ omitted Plaintiff's difficulties interacting appropriately with co-workers and supervisors when posing a hypothetical question to the VE, and therefore "was not entitled to rely on the testimony of that expert to meet the government's step five burden of establishing the existence of other jobs in the national economy which [P]laintiff could perform." (Doc. No. 31.) Accordingly, the Magistrate Judge recommended that Plaintiff's Motion be granted, and that the Commissioner's decision be reversed and remanded for further proceedings. (Id.)

Defendant raises one (1) Objection to the Magistrate Judge's Report. (Doc. No. 32.) Defendant asserts that it is of no importance whether the ALJ incorporated a moderate limitation in dealing with co-workers and supervisors in the hypothetical question to the vocational expert, as further proceedings on remand would simply show the same result. According to Defendant, regardless of the ALJ's hypothetical to the VE, the jobs identified by the VE accommodate a moderate limitation on the ability to interact with co-workers and supervisors. Defendant claims that the accommodation is evident in the corresponding occupational codes and job descriptions listed in the Dictionary of Occupational Titles ("DOT"). Focusing on the position of "inspector," identified as DOT No. 727.687-062,[1] Defendant argues that there is no mention in the position's

---

[1] The ALJ adopted the VE's identification of three (3) possible occupations for Plaintiff, namely: companion, DOT No. 309.677-010 (59,000 positions in the national economy); night security, DOT No. 827.683-010 (590,000 positions in the national economy); or inspector, DOT No. 727.687-062 (671,000 positions in the national economy). (Tr. 35, 77.) The Magistrate Judge noted (Doc. No. 31 at n.8), and Defendant agrees (Doc. No. 32 at 2) that the DOT code for night security cited by the ALJ and VE appears to be incorrect, as no such code can be found in the DOT listings.

description of any required interaction with co-workers or supervisors. Moreover, Defendant points to the nine (9) digit classification system for the DOT occupational codes, where each number position has a specific meaning – the fifth digit of the code representing the position's expected relationship to people. Defendant asserts that the assigned number for each position can range from zero (0) to eight (8), where lower numbers typically signify greater complexity, responsibility and judgment. Again, focusing on the inspector position identified by the VE, Defendant points out that the code's fifth digit received an assignment of "eight" (8), and the DOT definition further elaborates by stating "Not Significant" with respect to the fifth digit. (Doc. No. 32.) Defendant therefore concludes that the inspector job certainly accommodates a moderate limitation on the ability to interact with co-workers and supervisor, and a remand to determine this issue would be "little more than form over substance." (Id.)

In Response to Defendant's Objection, Plaintiff asserts that the DOT is not a substitute for a VE's testimony in this situation, and that the Commissioner's interpretation of the DOT's numerical code is erroneous. Plaintiff maintains that expert vocation testimony is required, and a reverse and remand of the action is proper. (Doc. No. 33.)

### B.    Factual Background

The Court herein adopts the Magistrate Judge's review of Plaintiff's background and medical record, as described in Section II of the Report. (See Doc. No. 31.)


## II.    STANDARD OF REVIEW

The Court's review of the portions of the Report to which Defendant objects is *de novo*. 28 U.S.C. § 636(b). The Court's review is limited to "a determination of whether substantial

evidence exists in the record to support the Secretary's decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, an ALJ's decision will be upheld if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Moreover, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

## III. DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

Defendant objects to the Magistrate Judge's conclusion to reverse and remand the instant action, essentially contending that remand would yield the same result. The Court, however, finds Defendant's argument off-point.

To determine Plaintiff's RFC, the ALJ chose to give little weight to reports of anxiety and moderate social difficulties given by Plaintiff's treating physicians. (Tr. 33.) The ALJ also gave no weight to Centerstone Mental Health Center's assessment, which included observations that Plaintiff had marked emotional limitations (Tr. 241-243), because he reasoned that the brief

-6-

history was insufficient to establish that a treatment relationship was ever formed. (Tr. 33.) However, the ALJ fully accepted the assessment of a one-time examining consultant, Jana Carroll. (Id.) Significantly, Ms. Carroll's assessment of Plaintiff generally corroborates the disregarded medical evidence of Plaintiff's social difficulties, and specifically includes conclusions that Plaintiff had moderate restrictions in his ability to: (1) interact appropriately with the public; (2) interact appropriately with supervisors; and (3) interact appropriately with co-workers. (Tr. 271.) Without explanation, the ALJ only incorporated Ms. Carroll's findings of Plaintiff's moderate restrictions in his ability to interact appropriately with the public when determining Plaintiff's RFC. (See Tr. 33.) Ms. Carroll's conclusions that Plaintiff also suffered from moderate restrictions in his ability to interact with supervisors and co-workers appear to have been ignored by the ALJ, despite his statement that the entire assessment was accepted. (Id.) At a minimum, the ALJ should have incorporated Ms. Carroll's conclusions that Plaintiff suffers from moderate difficulties interacting with supervisors and co-workers. Accordingly, the Court finds that the ALJ's determination of Plaintiff's RFC was not supported by substantial evidence. Similarly, because the ALJ did not incorporate Plaintiff's moderate limitation on dealing with supervisors and co-workers into the hypothetical posed to the VE, the ALJ was not entitled to rely on the VE's testimony in order to establish the existence of other jobs in the national economy that could be performed by Plaintiff. Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 632-33 (6th Cir. 2004); Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987) ("Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only if the question accurately portrays plaintiff's individual physical and mental impairments.") (internal quotations omitted).

Case 1:05-cv-00082   Document 34   Filed 04/15/08   Page 7 of 9 PageID #: 165

Moreover, with respect to Defendant's reasoning that remand is unnecessary, as the same jobs would be available to Plaintiff even when his moderate difficulties interacting with supervisors and co-workers were taken into account, the Court finds this argument far from persuasive. Defendant implies that according to the occupational codes, the jobs suggested by the VE all require very little interaction with people, including supervisors and/or co-workers, because the codes have been assigned very high numbers in the fifth digit position. Although the fifth digit does signify the occupation's relationship with other people, the number assigned to this position has no bearing on the frequency of interaction, but rather seeks to better describe what type of interaction with others would be required. For instance, an assignment of seven (7) in the fifth digit corresponds to, "Serving: Attending to the needs or requests of people or animals or the expressed or implicit wishes of people. Immediate response is involved." Similarly, an assignment of eight (8) in the fifth digit position means, "Taking Instructions-Helping: Attending to the work assignment instructions or orders of supervisor. (No immediate response required unless clarification of instructions or orders is needed.). . . ." U.S. DEP'T OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES, Appendix B (4th ed., rev. 1991). Such descriptions give no indication of the frequency of interaction with supervisors and co-workers, and the Court is not in a position to replace the judgment of the vocational expert to determine whether these positions would accommodate moderate difficulties in interacting with co-workers and supervisors. The Court therefore finds that remand is necessary in this matter.

## IV.    CONCLUSION

After review, the Court **ADOPTS** the Report set forth by the Magistrate Judge. The Court **GRANTS** Plaintiff's Motion for Judgment on the Administrative Record. Accordingly,

-8-

pursuant to sentence four (4) of 42 U.S.C. § 405(g), the decision of the Social Security

Administration is **REVERSED** and this case is **REMANDED** for proceedings consistent with

this decision.

It is so ORDERED.

Entered this the ___15___ day of April, 2008.


JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT